ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR QUESTION WHICH ASKS, IN EFFECT:
 DOES ARTICLE XXV, SECTION 4 OF THE OKLAHOMA CONSTITUTION CONVEY UNRESTRICTED AND UNRESTRAINED AUTHORITY TO THE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES (DHS) TO CREATE OR MOVE ANY AND ALL DHS POSITION CLASSIFICATIONS INTO OR OUT OF THE UNCLASSIFIED SERVICE AS THE DIRECTOR DEEMS APPROPRIATE?
ARTICLE XXV OF THE OKLAHOMA CONSTITUTION CREATED THE OKLAHOMA PUBLIC WELFARE COMMISSION AND THE OKLAHOMA DEPARTMENT OF PUBLIC WELFARE, WHICH IS SUBJECT TO THE CONTROL OF THE COMMISSION. THE ARTICLE WAS ADOPTED BY VOTE OF THE PEOPLE OF OKLAHOMA BY INITIATIVE REFERENDUM IN JULY, 1936. TODAY THESE AGENCIES ARE MORE COMMONLY KNOWN AS THE COMMISSION FOR HUMAN SERVICES AND THE DEPARTMENT OF HUMAN SERVICES, RESPECTIVELY. 56 O.S. 162.1. ARTICLE XXV, SECTION 4 OF THE OKLAHOMA CONSTITUTION PROVIDES IN PART:
 (TEXT OF STATUTE) FOR CLASSIFIED SERVICE BASED UPON TRAINING, EXPERIENCE AND GENERAL ABILITY OF PERSONS SELECTED FOR POSITIONS IN THE DEPARTMENT OR ANY INSTITUTIONS OR ACTIVITIES UNDER THE SUPERVISION OF THE DEPARTMENT. (EMPHASIS ADDED.)
ARTICLE XXV, SECTION 4 (HEREINAFTER S 4) PROVIDES THAT THE ADMINISTRATIVE DUTIES AND RESPONSIBILITIES OF THE DEPARTMENT SHALL BE CARRIED OUT BY THE DIRECTOR OF PUBLIC WELFARE. TODAY THIS POSITION IS MORE COMMONLY REFERRED TO AS THE DIRECTOR OF HUMAN SERVICES, AND BOTH TITLES ARE USED BY THE OKLAHOMA STATUTES (SEE 56 O.S. 26.16/56 O.S. 26.17).
SECTION 4, QUOTED ABOVE, CLEARLY IDENTIFIES THE DUTY OF THE DIRECTOR TO "EMPLOY PERSONNEL OF THE DEPARTMENT, PRESCRIBE MINIMUM STANDARDS OF QUALIFICATIONS FOR SUCH PERSONNEL AND CONDUCT EXAMINATIONS BEFORE EMPLOYMENT, FORMULATE SALARY SCHEDULES FOR CLASSIFIED SERVICE BASED UPON TRAINING, EXPERIENCE AND GENERAL ABILITY OF PERSONS SELECTED FOR POSITIONS IN THE DEPARTMENT" OR ITS INSTITUTIONS. THESE DUTIES AND REFERENCE TO CLASSIFIED SERVICE RELATE TO THE ADMINISTRATION OF A MERIT SYSTEM. TODAY THE USE OF THE TERM "CLASSIFIED SERVICE" IN OKLAHOMA STATE GOVERNMENT IS DEFINED IN MERIT RULE 530:10-1-2, DEFINITIONS, TO MEAN "STATE EMPLOYEES AND POSITIONS UNDER THE JURISDICTION OF THE OKLAHOMA MERIT SYSTEM OF PERSONNEL ADMINISTRATION."
HOWEVER, THE DUTY AND POWER OF THE DIRECTOR OF PUBLIC WELFARE TO ADMINISTER PERSONNEL IS "(S)UBJECT TO THE CONTROL OF THE COMMISSION," PURSUANT TO ARTICLE XXV, SECTION 4 SUPRA. ARTICLE XXV IMPOSES FUNDAMENTAL DUTIES UPON THE DEPARTMENT OF PUBLIC WELFARE, AND ITS GOVERNING COMMISSION. IN SECTION 2 THE DEPARTMENT IS CHARGED WITH "THE DUTY AND RESPONSIBILITY OF FAITHFULLY ADMINISTERING AND CARRYING INTO EXECUTION ALL LAWS ENACTED PURSUANT TO THE AUTHORITY GRANTED IN SECTION ONE HEREOF AND SHALL PERFORM SUCH OTHER DUTIES AS MAY. FROM TIME TO TIME. BE PRESCRIBED BY LAW." (EMPHASIS ADDED.)
SINCE 1936, NUMEROUS LAWS HAVE BEEN ADOPTED AND AMENDED, EITHER BY THE PEOPLE THROUGH INITIATIVE PETITION OR BY THE LEGISLATURE, CHARGING THE DEPARTMENT WITH VARIOUS DUTIES AND RESPONSIBILITIES FOR THE PUBLIC GOOD AND PROVIDING FOR THE RELIEF AND CARE OF NEEDY PERSONS, CHILDREN, PHYSICALLY INFIRM, AND THE DISABLED.
IN 1959, THE OKLAHOMA LEGISLATURE ADOPTED THE FIRST STATUTORY MERIT SYSTEM FOR GENERAL USE BY OKLAHOMA STATE GOVERNMENT. 74 O.S. 801 (1959) ET. IN 801 OF THE ACT, THE LEGISLATURE STATED THE PURPOSE OF THE LEGISLATION AND ITS INTENT TO INCLUDE THE DEPARTMENT OF PUBLIC WELFARE:
 PURSUANT TO 809 OF THE ACT, GOVERNOR EDMONDSON IN NOVEMBER, 1959, PLACED THE DEPARTMENT OF PUBLIC WELFARE UNDER THE NEW MERIT SYSTEM, AND HE DESIGNATED MANY POSITIONS AS EXEMPT. IN 1960, THE SUPREME COURT OF OKLAHOMA UPHELD THE MERIT SYSTEM ACT OF 1959 IN SCHMITT V. HUNT, 359 P.2D 198 (OKLA.1960). THE SUPREME COURT APPROVED THE LEGISLATURE'S STATUTORY SCHEME OF DELEGATING TO THE GOVERNOR THE ADMINISTRATIVE DISCRETION TO EXTEND THE MERIT SYSTEM TO AGENCIES OF STATE GOVERNMENT. THE COURT ALSO UPHELD THE CONSTITUTIONALITY OF THE ACT AS CHALLENGED BY THE INSURANCE DEPARTMENT OF OKLAHOMA AND THE INSURANCE COMMISSION OF OKLAHOMA. THE COURT NOTED THAT THE OKLAHOMA CONSTITUTION GRANTS TO THE INSURANCE DEPARTMENT AND COMMISSIONER VARIOUS POWERS IN ARTICLE VI, SECTIONS 22/ARTICLE VI, SECTION 23/ARTICLE VI, SECTION 24 ; BUT THAT:
(TEXT OF DECISION)
 IN 1980, THE SUPREME COURT OF OKLAHOMA REVIEWED THE POWERS OF THE DEPARTMENT OF PUBLIC WELFARE IN THE CITY OF SAND SPRINGS V. THE DEPARTMENT OF PUBLIC WELFARE, 608 P.2D 1139 (OKLA.1980). THE COURT OBSERVES IN PART AT PAGE 1145:
(TEXT OF DECISION)
 A.G. NO. 83-199. COMPLIANCE WITH THE OKLAHOMA PERSONNEL ACT APPEARS TO BE A DUTY OF LAW AS ANTICIPATED BY SECTION 2 OF ARTICLE XXV.
BEING A MERIT SYSTEM AGENCY, THE DEPARTMENT MAY CREATE POSITIONS WITHIN THE CLASSIFIED SERVICE AS NEEDED, AND THESE POSITIONS MAY BE FILLED WITH EMPLOYEES AND ADMINISTERED BY THE MERIT RULES OF PERSONNEL ADMINISTRATION. POSITIONS OUTSIDE THE CLASSIFIED SERVICE MUST BE CREATED BY STATUTORY AUTHORIZATION. INITIALLY, SUCH POSITIONS WERE DESIGNATED AS EXEMPT FROM THE MERIT SYSTEM BY THE GOVERNOR'S EXECUTIVE ORDER. TODAY, SUCH EXEMPT POSITIONS ARE SUBJECT TO MINIMAL RESTRICTIONS OF THE OKLAHOMA PERSONNEL ACT, SUCH AS TIME AND LEAVE REGULATIONS. 74 O.S. 840.7 (1991). OTHER UNCLASSIFIED POSITIONS MAY BE AUTHORIZED BY THE LEGISLATURE. TITLE 74 O.S. 840.8, WHICH IS COMMONLY REFERRED TO AS "THE CATALOG," SETS OUT THE OFFICES, POSITIONS, AND PERSONNEL WHICH COMPRISE THE EXEMPT UNCLASSIFIED SERVICE. UNCLASSIFIED POSITIONS MAY ALSO BE AUTHORIZED BY SPECIFIC LEGISLATION UNIQUE TO A PARTICULAR AGENCY. SECTION 840.8, SUPRA, PROVIDES NO SUCH UNCLASSIFIED POSITIONS FOR THE DEPARTMENT, EXCEPT IN SUBPART 2, WHICH EXEMPTS ALL COMMISSION MEMBERS, THE AGENCY HEAD, ONE PRINCIPAL ASSISTANT OR DEPUTY, AND ONE EXECUTIVE SECRETARY. SECTION 74 O.S. 840.10 OF THE PERSONNEL ACT PERMITS ALL MERIT AGENCIES, AT THEIR DISCRETION, TO INCLUDE THE FOLLOWING POSITIONS AND PERSONNEL WITHIN THE UNCLASSIFIED SERVICE: MEDICAL DOCTORS, OSTEOPATHIC PHYSICIANS, DENTISTS, PSYCHOLOGISTS, CERTIFIED PUBLIC ACCOUNTANTS, LICENSED ATTORNEYS, AND LICENSED VETERINARIANS.
THE FOLLOWING STATUTES ALSO PROVIDE FOR THE DEPARTMENT TO EMPLOY PERSONS IN THE UNCLASSIFIED SERVICE AT ITS HOSPITALS:
 A. 56 O.S. 342 — PROVIDES FOR EMPLOYEES OF THE CHILDREN'S HOSPITAL OF OKLAHOMA TO BE IN THE CLASSIFIED SERVICE, EXCEPT THOSE PLACED IN AN EXEMPT STATUS OR RETAINED IN THE UNCLASSIFIED SERVICE IN THEIR LETTER OF APPOINTMENT BY THE DIRECTOR OF PUBLIC WELFARE.
 B. 56 O.S. 408 — PROVIDES FOR EMPLOYEES OF OKLAHOMA MEMORIAL HOSPITAL TO BE IN THE CLASSIFIED SERVICE, EXCEPT THOSE PLACED IN AN EXEMPT STATUS OR RETAINED IN THE UNCLASSIFIED SERVICE IN LETTERS OF APPOINTMENT BY THE COMMISSION.
IT IS, THEREFORE, MY OPINION THAT THE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES DOES NOT HAVE UNRESTRICTED AND UNRESTRAINED AUTHORITY TO CREATE OR MOVE ANY AND ALL DEPARTMENT POSITIONS IN OR OUT OF THE UNCLASSIFIED SERVICE. THE DIRECTOR EXERCISES HIS ADMINISTRATIVE DUTIES AND RESPONSIBILITIES SUBJECT TO THE CONTROL OF THE COMMISSION. FURTHER, SAID DEPARTMENT, AS A MERIT SYSTEM AGENCY, IS SUBJECT TO THE OKLAHOMA PERSONNEL ACT AND THE RULES OF THE OKLAHOMA MERIT SYSTEM OF PERSONNEL ADMINISTRATION, AND SPECIFIC STATUTES WHICH AUTHORIZE UNCLASSIFIED OR EXEMPT POSITIONS.
(JOHN M. CRITTENDEN)